**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Princeton Excess and Surplus Lines Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Second Generation Incorporated, et al.,<br><br>Defendants. | No. CV-25-03275-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendants Zakia and Farid Nazari's Motion to Amend Answer and Counterclaims. (Doc. 146). The Motion is fully briefed (Doc. 147-48) and, for the reasons set forth below, is granted.

## I. Background

This Motion arises from a discovery dispute. Plaintiff Princeton Excess and Surplus Lines Insurance Company ("PESLIC") sought production of a jury study report from Campbell Law, LLC, ("Campbell Report"), which was used in support of the Nazaris' settlement demand in the underlying proceedings. The Nazaris claimed the Report was protected as work-product. The Court held a discovery hearing on the question on September 3, 2026. At that hearing, the Court permitted the Nazaris to file a Motion to Amend the Answer and Counterclaims by September 8, 2026, before it ruled on the discovery question. (Doc. 140).

Pursuant to that instruction, the Nazaris seek to amend their Answer and

Counterclaims to "withdraw every allegation concerning" the disputed Campbell Report, (Doc. 146 at 4), and to conform to a previous ruling (Doc. 130).

## II. Legal Standard

Once the Court issues a scheduling order, those deadlines control unless good cause supports an amendment to the order. Fed. R. Civ. P. 16(b)(4). Good cause exists when deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If good cause supports deviation from the scheduling order the Court will then assess the propriety of the motion for leave to amend by considering factors such as bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the complaint previously has been amended. Fed. R. Civ. P. 15(a)(2); *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

## III. Discussion

The Nazaris argue that good cause exists under Rule 16(b)(4) to allow an amendment after the April 3, 2026 deadline for amendments because the need for amendment arose after the September 3, 2026 hearing on the discovery dispute, and the Nazari's moved promptly in the time-frame set by the Court. PESLIC's responsive memorandum focuses primarily on the discoverability of the disputed materials, but also argues that "seeking to amend a claim in order to prevent discovery of a document . . . is not 'good cause' under Fed. R. Civ. P. 16(b)(4)." (Doc. 147 at 5).

The Court's instruction at the September 3 hearing contemplated that good cause existed to amend given the issue that arose at that hearing. The Court finds the Nazaris were diligent because they acted on the Court's instruction promptly. Additionally, the requirements of Rule 15(a)(2) are met. The Court finds no bad faith or undue delay because the Nazaris filed the Motion within the Court's given time frame. (Doc. 146). Plaintiff does not object to the substantive changes proposed, (*see* Doc. 147 at 2 n.1, 4), and the proposed

Amendment withdraws certain allegations, narrowing the scope of the claims, and creates no prejudice to Plaintiff. Accordingly, the Motion to Amend Answer and Counterclaims is granted.

**IV. Discovery Dispute**

To be discoverable, evidence must be relevant and nonprivileged. Fed. R. Civ. P. 26(b)(1). Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401. The disputed Campbell Report, which was used during the underlying settlement discussions and provides an evaluation of the likely trial outcomes and recovery, is relevant to this matter.

The Nazaris argue the Campbell Report is protected by the work product privilege because it was prepared in preparation for litigation by consulting experts. (Doc148 at 7-9). PESLIC argues that protection has been waived because part of the Report was disclosed in the Nazaris' May 16, 2025 settlement demand, (Doc. 147 at 3).

Documents prepared by consulting experts "in anticipation of litigation or for trial" are protected by the attorney work-product privilege. Fed. R. Civ. P. 26(b)(2)(A); *United States v. Nobles*, 422 U.S. 225 (1975). Here, the issue is whether partial disclosure of the Report's contents waives that privilege with regard to the entire report. *United States v. Sanmina Corporation* is on point. 968 F.3d 1107 (9th Cir. 2020). There, the defendant disclosed a report to the IRS that references two Attorney Memoranda that "contain[ed] both factual discussions of the relevant transactions and legal analyses of these facts in light of various tax law authorities." *Id.* at 1125. When the IRS sought disclosure of the Attorney Memoranda, the defendant claimed they were protected by the work-product privilege. When deciding the scope of a waiver, the court relied on the fairness doctrine to impose a narrow waiver, citing *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 20023)

> These points of inquiry into the disclosing party's "selective disclosure" and "reasonable expectation of confidentiality"—while highly relevant and often dispositive—are not the only considerations at play in assessing whether a work-product disclosure is inconsistent with the maintenance of secrecy against adversaries. Rather, the fact-intensive analysis requires

> a consideration of the totality of the circumstances and is ultimately guided by the same principle of fundamental fairness that underlies much of our common law doctrine on waiver by implication. Thus, we may find the work-product immunity waived where the disclosing party's conduct has reached a “certain point of disclosure” towards his adversary such that “fairness requires that his privilege shall cease, whether he intended that result or not.” *Weil*, 647 F.2d at 24. Under the fairness doctrine however, a court must be careful to “impose a waiver no broader than needed to ensure the fairness of the proceedings before it. Because a waiver is required so as to be fair to the opposing side, the rationale only supports a waiver broad enough to serve that purpose.” *Bittaker*, 331 F.3d at 720.

The Ninth Circuit ultimately found that disclosure of the report constituted an implicit waiver of the factual material contained in the Attorney Memoranda because they “serve[d] as foundational material for the” disclosed report and the defendant’s conduct was inconsistent with the maintenance of secrecy against the IRS. *Id.* “Waiver of work-product immunity requires either disclosure to an adversary or conduct that is inconsistent with the maintenance of secrecy against its adversary.” *Id.*

In performing a fairness analysis, the Court finds that the disclosure of portions of the Campbell Report resulted in a waiver with regards to the existence of the Report and of those portions that have been disclosed. However, considering the totality of the circumstances, neither party is relying on the Report and fairness requires no broader waiver. The Nazaris have amended their Complaint to exclude all mention of the Report and will not be using the Report or its author at trial. There is nothing unique about the means and methods employed to reach the opinions which can be replicated; thus, it does not constitute unique information that cannot be obtained by other means. In addition, PESLIC was aware of and had an opportunity to obtain the report previously and did not then consider it important. Under these circumstances, it would be unfair to the proceedings before the Court to order the nondisclosed portions of the report be disclosed.

**IT IS ORDERED** that Defendants’ Motion to Amend Answer and Counterclaims, (Doc. 146), is **GRANTED.** Defendants shall file the Third Amended Answer and Counterclaims no later than **December 1, 2026**.

**IT IS FURTHER ORDERED** that the work product privilege is waived as to the existence of the Campbell Report and the previously disclosed portions, but not as to the undisclosed portions of the Report.

Dated this 19th day of November, 2026.

Douglas L. Rayes
Senior United States District Judge